DEBRA WYNN,

    Plaintiff,

vs.       CIVIL ACTION NO.: CV205-095

DOLLAR GENERAL CORPORATION,

    Defendant.

## ORDER AND NOTICE OF
## PRETRIAL PROCEEDINGS

**IT IS ORDERED** that lead counsel for the parties in the captioned case are instructed to prepare and file with the Clerk of this Court an **original and two copies** of a joint <u>consolidated</u> proposed pretrial order. The proposed pretrial order shall be filed by the close of business on **November 22, 2005**. Counsel for the <u>plaintiff(s)</u> shall have the responsibility to initiate compliance herewith. The form of the proposed pretrial order shall be in accord with the attached instructions. A party's failure to comply with the requirements hereof may result in dismissal of the complaint or answer or in other sanctions determined appropriate by the Court. The Court will not accept for filing any proposed pretrial order prepared only from telephone conversations. The proposed pretrial order shall include a paragraph stating the date and location of the meeting, the duration of the meeting, and the names of all counsel or parties participating. If any party in this case is not represented by counsel, such party shall be obligated to comply with the requirements hereof in the same manner as counsel.

**IT IS FURTHER ORDERED** that this case will be scheduled by the Clerk for a pretrial conference. At the time of the pretrial conference, the Court will approve, disapprove, or direct amendment of the proposed pretrial order. <u>Lead counsel for each party shall attend the pretrial conference</u>.

All evidentiary objections and motions in limine, and responses thereto, which have not been resolved prior to the pretrial conference shall be submitted in writing at least twenty (20) days prior to the scheduled pretrial conference. All responses thereto shall be submitted at least ten (10) days prior to the scheduled pretrial conference.

Proposed pretrial orders which are not consolidated (<u>proposed jointly</u>) will not be accepted for filing without the written permission of the Court.

**ORDER ENTERED** at Brunswick, Georgia, this 23rd day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# STANDARD INSTRUCTIONS FOR CONSOLIDATED PRETRIAL ORDERS IN THE SOUTHERN DISTRICT OF GEORGIA

[THIS DOCUMENT AND ASSOCIATED FORMS MAY BE FOUND WITHIN THE COURT'S WEBSITE AT www.gas.uscourts.gov .]

The proposed pretrial order shall cover the following subjects, numbered serially as below:

(NOTE: IN PREPARING THE PROPOSED PRETRIAL ORDER, REPRODUCE EACH NUMBERED ITEM AS A PREFACE TO THE MATERIAL SUBMITTED SETTING FORTH THE MATERIAL SUBMITTED IMMEDIATELY THEREAFTER. DO NOT USE APPENDICES OR ATTACHMENTS EXCEPT WHERE SPECIFICALLY AUTHORIZED BY THE COURT OR CALLED FOR HEREIN).

1. Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. **Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.**

2. As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

3. State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

3

the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

4. Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

5. List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

6. All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

7. State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

8. Outline of plaintiff(s)' case.

NOTE: **PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a short, succinct, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

9. Outline of defendant(s)' case.

NOTE: **DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a) Furnish a short, succinct, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

AO 72A
(Rev. 8/82)

(b) In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

10. In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

11. In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

(a) Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also, recite any supporting authority.

(b) List all items of damages claimed or non-monetary relief sought.

(c) In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.

12. In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

13. If there is any dispute as to agency, state the contentions of the parties with respect to agency.

14. State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

15. Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each *will* have present at the trial and those whom each may have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party *will* have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

AO 72A
(Rev. 8/82)

NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.

16. All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial</u> conference. All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

(a) A list of documents and physical evidence submitted as joint exhibits.

(b) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted when tendered at trial.</u>

(c) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted when tendered at trial.</u>

(d) Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e) The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

NOTE: **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED EXHIBIT LIST PRIOR TO JURY SELECTION. All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

AO 72A
(Rev. 8/82)

17. List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

   (a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

   (b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

18. Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

19. Plaintiff(s)' counsel estimates _____ (days) (hours) to present plaintiff(s)' case; defendant(s)' counsel estimates _____ (days) (hours) to present the defense.

20. Plaintiff(s) _____ has _____ has not offered to settle.
    Defendant(s) _____ has _____ has not offered to settle.
    It appears at this time that there is
    _____ A good possibility of settlement.
    _____ Some possibility of settlement.
    _____ No possibility of settlement.

   The parties ___ do ___ do not wish to confer with the Court regarding settlement.

21. State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

22. State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

23. In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.

AO 72A
(Rev. 8/82)

24. In non-jury cases, the parties shall each file the original and two (2) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

25. The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

> **IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

This _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)